UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN DOE, | ) |
|     *Plaintiff*, | ) |
|     v. | ) Civil Action No: 3:23-cv-887 |
| William Lee, Governor of the State of Tennessee, in his official capacity; | ) |
| And, | ) |
| David Rausch, Director of the Tennessee Bureau of Investigation, in his official capacity. | ) |
|     *Defendants*. | ) |

# ORDER

Before the Court is Plaintiff's unopposed motion for a preliminary injunction (Doc. No. 14), supported by a memorandum of law (Doc. No. 15). He seeks a preliminary injunction prohibiting Defendants and their officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them from:

1) enforcing Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA") T.C.A. § 40-39-201 et seq., against Plaintiff;

2) requiring Plaintiff to comply with any portion of SORA; and

3) publishing Plaintiff's information on the sex offender registry.

Defendants do not oppose Plaintiff's motion. But Defendants maintain that SORA does not violate the Ex Post Facto Clause. However, Defendants recognize that *Does #1-5 v. Snyder*, 834 F.3d 696, 699 (6th Cir. 2016) is controlling Sixth Circuit precedent repeatedly relied upon by this Court, *McGhee v. Lee et al.*, U.S. Middle District of Tenn. Case No. 3:23-cv-311, Doc. No. 15) and other federal district courts in Tennessee to conclude that SORA violates the Ex Post Facto Clause and, as a result, this Court and other Tennessee courts have authorized multiple preliminary and permanent injunctive relief to sexual offenders. *Craig v. Lee*, No. 3:22-CV-00181, 2023 WL 2505896, at *2 (M.D. Tenn. Mar. 14, 2023) (collecting cases granting preliminary injunctions); *Does #1-9 v. Lee*, No. 3:21-CV-00590, 2023 WL 2335639, at *19 (M.D. Tenn. Mar. 2, 2023); *Doe #11 v. Lee*, 609 F.Supp.3d 578 (M.D. Tenn. 2022).

Based on the record as a whole and for good cause shown, the Plaintiff's Motion will be **GRANTED**. The Court finds:

1) Plaintiff has demonstrated that he is likely to succeed on the merits of his Ex Post Facto Clause claim with respect to the retroactive requirements of SORA;

2) Plaintiff has demonstrated that he will suffer immediate and irreparable injury if injunctive relief is not granted pending trial;

3) Injunctive relief would not cause substantial harm to Defendants or any specifically identified third parties; and

4) The public interest will not be harmed by injunctive relief pending trial.

Pursuant to Federal Rule of Civil Procedure 65, Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from the following:

1) enforcing Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA") (codified at Tenn. Code Ann. §§ 40-39-201 to 40-39-218) against Plaintiff;

2) requiring Plaintiff to comply with any portion of SORA; and

3) publishing Plaintiff's information on the sex offender registry.

Defendants shall provide notice of this Order to their officers, directors, agents, servants, representatives, attorneys, employees, and affiliates, and those persons in active concert or participation with them. Defendants shall take whatever means are necessary or appropriate to ensure proper compliance with this Order. The Court further finds that Defendants are unlikely to incur more than minimal costs in complying with this preliminary injunction. Accordingly, the Court finds, in its discretion, that it is unnecessary to require Plaintiff to post security as a condition of obtaining injunctive relief.

By agreement of the parties, nothing herein shall be construed to suggest that Defendants have conceded any particular litigation position in the future or have waived any right to defend any aspect of this case beyond this preliminary injunction.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE